■ FOURTH AVENUE MANAGEMENT CORPORATION, Appellant, v. CORNELIUS MALLON et al., Respondents.— Motion by appellant for leave to appeal to this court from an order of the Appellate Term of the Supreme Court, granted. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

(January 7, 1963)

■ ROBERT J. BASSI et al., Respondents, v. FRANK H. COLE et al., Appellants.— In a negligence action to recover damages for injury to person and property, resulting from a rear-end automobile collision, defendants appeal from an order of the Supreme Court, Kings County, dated March 21, 1961, which granted plaintiffs' motion for summary judgment. Order reversed, without costs, and motion denied. In our opinion, the record presents triable issues which may not be determined summarily without a trial. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ THEODORE BLATT, Appellant, v. JOSEPH RAE et al., Respondents, et al., Defendant.— In an action for a declaratory judgment with respect to the rights of the parties in certain real property, and for an accounting, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered July 23, 1962, dismissing the complaint as against the defendants Joseph Rae and Barted Realty Corp., pursuant to an order, dated July 20, 1962, which granted the motion of the said defendants for summary judgment (Rules Civ. Prac., rule 113). Upon the stipulation of the parties to this appeal, dated December 28, 1962, now on file in this court, the appeal is discontinued, without costs. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ HAROLD BYRNES, Appellant, v. DAN'S TAXI, INC., et al., Respondents.—In an action to recover damages for personal injury sustained by plaintiff in a collision between his car and a taxicab owned by the corporate defendant and operated by the individual defendant, plaintiff appeals from an order of the Supreme Court, Nassau County, dated September 21, 1962, which denied his motion to vacate defendants' notice to examine him before trial. Order reversed, and plaintiff's motion to vacate the notice of examination granted, with $10 costs and disbursements. The said notice was served by defendants subsequent to plaintiff's filing of a note of issue and statement of readiness. Under the Special Rule of this court for the Supreme Court in all counties within the Second Judicial Department, requiring the filing of a statement of readiness and regulating calendar practice relative thereto, each party to this action is deemed to have assented to the statements contained in the readiness statement and to have waived his right to pursue the pretrial proceedings allowed by the Civil Practice Act and by the Rules of Civil Practice, unless, within 20 days after the filing of the readiness statement he shall have moved to strike the action from the calendar. The excuse offered by defendants for their failure to serve a timely examination notice, namely: that it was due to an inadvertent clerical error, is insufficient in view of the fact that almost three years had elapsed since the joinder of issue (cf. *Price* v. *Brody,* 7 A D 2d 204; *Levy* v. *Wexler,* 16 A D 2d 688; *Romito* v. *Bourjois, Inc.,* 16 A D 2d 982; *Morrison* v. *Sam Snead Schools of Golf,* 13 A D 2d 986; *Cerrone* v. *S'Doia,* 11 A D 2d 350). Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.